## UNITED STATES DISTRICT COURT
### MIDDLE DISTRICT OF FLORIDA
#### ORLANDO DIVISION

TINA BROWN,

           Plaintiff,

v.                                                                    Case No:    6:23-cv-1925-JSS-LHP

BP EXPLORATION & PRODUCTION
INC. and BP AMERICA
PRODUCTION COMPANY,

           Defendants

_____

## ORDER

This cause comes before the Court following a hearing at which the Court addressed BP Defendants' Motion for Protective Order Regarding Privilege Log (Doc. No. 45), and all filings related thereto, as well as Plaintiff's Motion to Seal Pursuant to L.R. 1.11 (Doc. No. 49), and all filings related thereto. *See* Doc. Nos. 64, 73. Prior to the hearing, the Court conducted an *in camera* review of the documents at issue in BP's motion (Doc. No. 45, *see also* Doc. No. 47), to consider BP's claims of attorney-client privilege and work product protections over certain documents. *See* Doc. No. 52. A portion of the hearing was also conducted *in camera* with BP's counsel to discuss the application of the attorney-client privilege and work product

protections to four specific documents at issue.   This Order memorializes the rulings made at the hearing.

Accordingly, for the reasons set forth on the record at the hearing, it is **ORDERED** as follows:

1.      Plaintiff's Motion to Seal Pursuant to L.R. 1.11 (Doc. No. 49), is **GRANTED**.   Given that this is a discovery-related dispute, having considered Local Rule 1.11 and the Eleventh Circuit's standard for sealing, the Court finds good cause to seal the exhibit (Doc. No. 49-1) at this time.   *See generally Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1312 (11th Cir. 2001) ("[M]aterial filed with discovery motions is not subject to the common-law right of access . . . .").   Thus, absent further Order of the Court, the Dr. Naomi Oreskes Report shall remain under seal (Doc. No. 49-1), and will be considered for purposes of resolution of BP's Motion (Doc. No. 45) alone.   As set forth on the record at the hearing, this Order authorizing sealing does not provide any substantive ruling regarding the Dr. Naomi Oreskes Report, nor may any party rely upon this Order sealing the Dr. Naomi Oreskes Report to support a request for any substantive ruling in the case outside of resolution of BP's motion (Doc. No. 45).

2.      BP Defendants' Motion for Protective Order Regarding Privilege Log (Doc. No. 45) is **DEFERRED in part and DENIED in part.**

a.      The motion (Doc. No. 45) is **DENIED** to the extent that BP's objections to production of PM-46 based on attorney-client privilege and/or work product protections are **OVERRULED**.   BP shall produce PM-46 to Plaintiff within **seven (7) days** of this Order.

b.      Following *in camera* review of the documents, and an *in camera* discussion with BP's counsel at the hearing, BP's objections to production of the remainder of the documents at issue based on attorney-client privilege and/or work product protections are **SUSTAINED at this time**, to include: PM-04 through PM-19; PM-21 through PM-23; PM-27 through PM-29; PM-33 through PM-44; PM-47; PM-51; PM-54 through PM-71; PM-73 through PM-77 (conference calls, agendas, and meeting minutes); PM-20 and PM-31 (monitoring and sampling data); PM-01 and PM-32 (draft presentations); and PM-02, PM-25, and PM-26 (responses to inquiries from media or government). The Court found that all of these documents contain information protected by the attorney-client privilege and/or work product doctrine, and redaction of the privileged material from these documents would be impracticable.

c.      BP's motion (Doc. No. 45) is otherwise **DEFERRED in its remainder** pending briefing from the parties on the crime-fraud

doctrine, as requested by Plaintiff, Doc. No. 48, at 10, and as discussed with the parties at the hearing.

d.      Within **seven (7) days** of the date of this Order, Plaintiff shall file a brief, not to exceed **ten (10) pages** in length, limited solely to application of the crime-fraud exception to the documents at issue for which the attorney-client privilege/work product protection objections have been sustained by this Order.  Any argument raised in briefing unrelated to the crime-fraud exception or the specific documents at issue in BP's motion will not be considered.  Failure to file a brief by this deadline will result in a waiver of any argument that the crime-fraud exception applies.

e.      Within **seven (7) days** of the filing of Plaintiff's brief, BP shall file a response brief, not to exceed **ten (10) pages** in length, also limited solely to the applicability of the crime-fraud exception to the documents at issue and the issues raised by Plaintiff's brief.

f.      The parties shall attach to their briefing any documentation that they wish the Court to consider in resolution of this issue, *see* Local Rule 3.01(f), except the parties may refer back to the now-sealed Dr. Naomi Oreskes Report (Doc. No. 49-1), without refiling, as appropriate.  As discussed at the hearing, the Court has not

considered the pre-hearing notices filed by both parties and the attachments related thereto (Doc. Nos. 68, 70, 71), as they were made without leave of Court.   Accordingly, Plaintiff's motion to seal related thereto (Doc. No. 72) is **DENIED as moot**.

**DONE** and **ORDERED** in Orlando, Florida on July 9, 2025.

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties